THE UNITED STATES DISTRICT COURT
THE STATE OF ALABMA

RECEIVED
2006 SEP -6  A 9: 25

ANGELA DENISE NAILS,

      Plaintiff,    Case No.  1:06 cv 802 -MHT

MANPOWER TEMPORARY SERVICE,

      Defendant,

COMPLAINT OF WRONGFUL DISCHARGED

The plaintiff in the case is filling a civil legal action suite against Manpower Temporary Services Dothan, Alabama 36301. The defendant is a corporation within the United States. The defendant is a resident of Alabama. The plaintiff is a resident of Alabama. Plaintiff is holding : A short and plain statement of the claim showing that the pleader is entitled to relief Civil Procedure Rule 8(a)(2). The defendant should submit to paying the civil legal action against them because the defendant wrongfully terminated the plaintiff. The plaintiff fail on a temporary position that the defendant sent the plaintiff to work. The plaintiff worked for three days at the temporary assignment and then fail out of a chair. The plaintiff was injured after the fall. Manpower Temporary Service told the plaintiff that they did no longer have any work for the plaintiff. The plaintiff is claiming that when the plaintiff contacted the defendant on August 15, 2006

responding to a position that was in the Dothan News Paper forklift operator and shipping and receiving the defendant told the plaintiff that they would not rehire the plaintiff. The plaintiff fail on the job March 1, 2005 when the supervisor of the temporary position contacted Manpower Temporary Services they left a recording that they did not want the plaintiff back the following Monday March 4, 2005. The plaintiff ask the defendant what was the reason that the position that Manpower Temporary Services sent the plaintiff to did not want the plaintiff back to work. The defendant told the plaintiff on March 4, 2005 that Manpower received a telephone call form Movie Gallery not to have the plaintiff return to work but Movie Gallery did not leave a reason to as why on the voice mail of Manpower Temporary Service. The plaintiff can only believe that the plaintiff was wrongfully discharged from Manpower Temporary Service because the plaintiff fail on the temporary position Manpower Temporary Service sent the plaintiff too. The defendant do not want to be responsible for any cause of the plaintiff not being able to return to work for Manpower Temporary Service. The defendant argument is that the plaintiff has had a number of complaints on two other positions that Manpower Temporary Service has sent the plaintiff on. Manpower Temporary Services has stated that Dr. Banner the doctor that who treated the plaintiff for the fall his office stated that the plaintiff had a complaint form Dr. Banner employees. The plaintiff contacted the nurse Christy at Dr. Banner

office August 17, 2006 about the statement that was told to the plaintiff by the office manager of Manpower Temporary Service Debbie the nurse of Dr. Banner office stated that their was never any complaint made by them to Manpower Temporary Service about the plaintiff behavior. But that Dr. Banner office contacted Manpower Temporary service about getting in contact with me. Manpower Temporary Service told one of Dr. Banner employees that the plaintiff said not to contact the plaintiff. The plaintiff never told anyone at Manpower to state to Dr. Banner office ever to contact me. The plaintiff told Manpower employees not to call me at my home telephone because of their behavior after the plaintiff requested copies of forms that the plaintiff filled out explaining the plaintiff fall on a position that Manpower Temporary Service sent the plaintiff on. Manpower was told that they could mail any information that protained to doctor appointments or Manpower Temporary Services issues. The defendant stated that their was another complaint made for NYRO Industrial after speaking the supervisor of the Walter about making a complaint to Manpower Temporary Service about my behavior on the job Walter stated he never contacted Manpower Temporary Service and made a complaint about the plaintiff having a behavior issue the plaintiff contacted Walter August 20,2006. Manpower Temporary Service was contacted by the plaintiff about NYPRO Industrial not allowing the plaintiff to set in a chair that was at a machine before the plaintiff started to work. The defendant told the

plaintiff that NYPRO Industrial only needed the plaintiff to work as a fill in not a full time employee. Manpower Temporary Service assumed that the plaintiff was at NYPRO Industrial as a full time employee. The defendant discontinued the plaintiff position at NYPRO Industrial because of the mistake Manpower Temporary Service made sending the plaintiff as a full time employee. The plaintiff is suing the defendant for special damages the sum of $ 400,000.00 lost wages and court cost. $14,498.00 past wages March 1, 2005 thur September 30, 2006 pending court hearing and the number of months that will pass before date for hearing the wages may be different. Past wages Nine holiday pays form the March 1, 2005 thur September 30, 2006 time and half wages start at $6.50 a hour half of that is $3.25 total $9.75. Nine holiday's eight hours each one of the day's total 72 hours is $702.00. Plaintiff is demanding damages Civil Procedure Rule 15(b) for wrongful termination $300,000.00. Plaintiff is demanding damages Civil Procedure Rule 15(b) for harassment $15,000.00 and damages Civil Procedure Rule 15(b) Mental Anguish $75,000.00.

If necessary the plaintiff will call witness form Dr. Banner office from NYPRO Industrial and Movie Gallery all witness resided in Dothan, Alabama. With the Judge permission to listen to a tape-recorded testimony form the witness and their statements.

The plaintiff is demanding before the court if the defendant written statement is proven to be false or materiality makes a false statement Civil Procedure Rule 4-1-105 Unsworn Falsification should be applied in the case. And the plaintiff in the case is demanding that the all the information that is proven to be false be stricken form the hearing and that the defendant be requested to release the request for demand amount of the civil suite against the defendant to the plaintiff.

The plaintiff cause for damages wrongful termination Civil Procedure Rule 11(b). American With Disabilities Act of 1990 Forbids discrimination against people with disabilities. Civil Right act of 1964 Title VII contract rights in employment law. And Civil Procedure Rule 11 Mental Anguish and Stress. Civil Procedure Rule 4-1-105.

*Angela Denise Nails*
ANGELA DENISE NAILS

PRO SE