IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION


ANGELA DENISE NAILS,      )
                                  )
    Plaintiff,          )
                                  )
    v.                  )   CIVIL ACTION NO.
                                  )   1:06cv802-MHT
MANPOWER TEMPORARY       )
SERVICE,               )       (WO)
                                  )
    Defendant.         )


OPINION

The court now has before it the motion to proceed in forma pauperis filed by plaintiff Angela Denise Nails, who is a frequent litigant in the Middle District of Alabama. So far this year, in what is developing into a clear abuse of the legal process, she has brought 16 lawsuits in forma pauperis, of which eight already been summarily dismissed.

It is well established that a two-step procedure should be followed in processing a complaint filed pursuant to 28 U.S.C. § 1915. "First, the district court

should determine whether the plaintiff satisfies the economic eligibility criterion under 28 U.S.C. § 1915(a)[(1)]. Upon a finding of economic justification, the court should allow the complaint to be docketed without prepayment of fees."[1] <u>Woodall v. Foti</u>, 648 F.2d 268, 271 (5th Cir. June 1981) (per curiam); <u>see also Procup v. Strickland</u>, 760 F.2d 1107, 1114 (11th Cir. 1985).[2] Second, once leave has been granted, this

---

1. Section 1915(a)(1) provides:

> "Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

2. In <u>Bonner v. Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the (continued...)

provision allows the district court to dismiss the complaint prior to service of process if it determines the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), and thus the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint." Woodall, 648 F.2d at 271; see also Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). The motion filed by Nails satisfies the economic eligibility criteria of § 1915(a)(1). Accordingly, the complaint may be filed without prepayment of fees.

The court is, however, of the view that Nails's complaint should be dismissed without prejudice pursuant to § 1915(e)(2)(B)(i)-(iii). Nails asserts that, by terminating hers employment and refusing to send her to additional temporary positions, defendant Manpower

---

2.  (...continued)
close of business on September 30, 1981.

3

Temporary Service has violated Title VII of the Civil
Rights Act of 1964 (Title VII), as amended, 42 U.S.C.
§§ 1981a, 2000e through 2000e-17, and the Americans with
Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12112-12117,
12203.  She alleges that she fell out of a chair and was
injured on a temporary assignment to Movie Gallery on
March 1, 2005; that her supervisor at Movie Gallery
contacted Manpower and left a recording that they did not
want Nails to return to Movie Gallery but did not state
the reason; and that when she contacted Manpower on
August 15, 2006, Manpower told her that it would not
rehire her.  According to the complaint, Manpower
informed Nails that it has received complaints regarding
Nails on two other temporary positions and, further, that
it had received a complaint regarding Nails's behavior
from employees of the physician who treated Nails after
her fall.  Nails alleges that no such complaints were
made.  She further alleges, "The plaintiff can only
believe that the plaintiff was wrongfully discharged from

4

Manpower Temporary Service because the plaintiff [fell] on the temporary position Manpower Temporary Service sent the plaintiff to[]." (Complaint, p. 2).

Title VII prohibits employment discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The ADA prohibits employment discrimination against "a qualified individual with a disability." 42 U.S.C. § 12112(a). Nails's complaint that Manpower failed to rehire her because she fell on the job at Movie Gallery fails to state a claim under either the ADA or Title VII.

Nails also alleges that Manpower is liable for violating various rules of civil procedure. This allegation does not state a claim either.

Nails's complaint therefore should be dismissed before service on Manpower pursuant to § 1915(e)(2)(B)(i)-(iii). See Neitzke v. Williams, 490 U.S. 319 (1989); Denton v. Hernandez, 504 U.S. 25 (1992); see also Bilal, 251 F.3d 1346.

An appropriate judgment will be entered.

DONE, this the 8th day of September, 2006.


     /s/ Myron H. Thompson     
    UNITED STATES DISTRICT JUDGE